George R Mead, III, Esq. County Attorney, Jefferson
You have asked whether a county election commissioner may also serve as an elected town assessor for one of the towns located within that county.
Your letter notes that one of the current county election commissioners for Jefferson County is also serving as an elected town assessor for the Town of Lyme which is located in Jefferson County. This individual was elected town assessor in November, 1986 and subsequently appointed election commissioner in December, 1986. She assumed both offices effective January 1, 1987. The individual was then re-elected to the town assessor's position at the November, 1987 general election.
Section 3-200 (4) of the Election Law provides that a person may not be appointed as an election commissioner or continue to hold that office if he or she holds any other public office except that of commissioner of deeds, notary public, village officer, city or town justice or trustee or officer of a school district outside of a city. The position of town assessor is not within the above exceptions. The individual's appointment and service as election commissioner, therefore, was invalid inasmuch as when the appointment became effective on January 1, 1987 the individual's term of office as town assessor had begun.
During 1987, however, this individual performed the duties of the office of election commissioner and was compensated for those services. Her status in the office during 1987, therefore, has been of a de facto nature. We note that the election in November of 1986 of this individual to the office of town assessor was valid inasmuch as she did not hold the office of election commissioner at the time of her nomination or designation for the office of town assessor.
The next question is whether the 1987 re-election of this person as town assessor is valid. Subdivision 6 of section 3-200 provides as follows:
 "An election commissioner shall not be a candidate for any elective office which he would not be entitled to hold under the provisions of this article, unless he has ceased by resignation or otherwise, to be commissioner prior to his nomination or designation therefor.[*] Otherwise such nomination or designation shall be null and void" (Election Law, § 3-200 [6]).
Under this provision, an election commissioner may not be a candidate for any elective office which he could not hold "unless he has ceased by resignation or otherwise, to be commissioner prior to his nomination or designation" for the elective office. Otherwise the nomination or designation is null and void (ibid.). The individual was the de facto election commissioner at the time of nomination or designation for town assessor and, in fact, continued to serve as election commissioner at the time of the November election.
We believe that someone who is the de facto election commissioner has not "ceased by resignation or otherwise, to be commissioner prior to his nomination or designation" for elective officer, the standard under section 3-200. Although the appointment as election commissioner may be invalid, the de facto election commissioner has been performing the duties of that office, including supervision of the procedure and conduct of the election for town assessor. The clear purpose of section 3-200 is to prohibit the persons who supervise the election from being candidates in that very same election. In our view, this applies to persons who validly hold the position of election commissioner and those who have de facto status. Thus, under section 3-200 (6) of the Election Law, the election of this individual to the office of town assessor was a nullity.
We conclude that a county election commissioner may not also serve as town assessor. A county election commissioner must resign from that position prior to his nomination or designation for the office of town assessor. Otherwise, the election to the office of town assessor is a nullity.
* Section 1-104 of the Election Law provides as follows:
 "7. The term `designation' means any method in accordance with the provisions of this chapter by which candidates for party nomination for public office or for election to party position may be named for the purpose of any primary election.
. . .
 "11. The term `nomination' means the selection in accordance with the provisions of this chapter of a candidate for an office authorized to be filled at an election."